ROBERTSON, Judge.
This workmen’s compensation case involves an award of compensation for a permanent partial disability pursuant to § 25-5-57(a)(3)g., Code 1975.
Arthur Weaver (employee) brought this action to recover benefits under the Workmen’s Compensation Act of Alabama.
After ore tenus proceedings, the trial court determined that all parties were subject to the Workmen’s Compensation Act of Alabama, that the employee sustained a compression fracture of the C-5 vertebra that was work-related, and that, as stipulated by the parties, the employee had average weekly earnings of $400 at the time of the injury.
The trial court further found that the employee “suffered a loss of the ability to earn and incurred a 15% permanent partial disability as a proximate result of his injury for which he is entitled to receive compensation from the Defendant at the rate of $40 per week.... ”
However, while the trial court found the employee to have suffered a loss of ability to earn, there was no determination of the average weekly earnings the employee is able to earn in his partially disabled condition. In other words, there was no determination of a percentage of the loss of ability to earn.
The employee contends on appeal that the 15% permanent partial disability does not automatically translate into a 15% loss of ability to earn. We agree.
Section 25-5-57(a)(3)g. provides:
“In all other cases of permanent partial disability ..., the compensation shall be 66% percent of the difference between the average weekly earnings of the workman at the time of the injury and the average weekly earnings he is able to earn in his partially disabled condition....”
The record reflects that the employee, following the injury, was unemployed, that the only job he had attempted to work at paid $5.00 an hour “and he had to leave that because he couldn’t do it,” and that he had looked for jobs but couldn’t find one “where he could work with his hands and not have to lift.”
*1230 However, the trial court made no finding of the employee’s earning ability in his partially disabled condition, or a percentage of loss of ability to earn, and without such a finding an amount of compensation pursuant to § 25-5-57(a)(3)g. cannot be calculated.
Accordingly, this case must be reversed and remanded to the trial court for a determination of the employee’s average weekly earnings ability in his partially disabled condition or a percentage of loss of ability to earn and for a judgment consistent-with § 25-5-57(a)(3)g.
REVERSED AND REMANDED WITH DIRECTIONS.
INGRAM, P.J., concurs.
RUSSELL, J., dissents.